UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                     :
  EVERETT STEMBRIDGE,                                 :
                              Plaintiff,              :
                                                     :            12-CV-7079 (JPO)
              -v-                                     :
                                                     :        OPINION AND ORDER
  NYC DEPARTMENT OF EDUCATION, NYC                    :
  LEADERSHIP ACADEMY, NYC OFFICE OF                   :
  GENERAL COUNSEL,                                    :
                              Defendants.             :
                                                     :
----------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

Plaintiff brings this action against the New York City Department of Education ("DOE"),

New York City Leadership Academy ("the Academy"), and the New York City Office of

General Counsel.  Plaintiff alleges that Defendants violated his rights under State and Federal

law by (1) expelling him from the Academy; (2) demoting him from the position of assistant

principal to the position of teacher, and ultimately substitute teacher; (3) attempting

(unsuccessfully) to recoup salary paid to him while an assistant principal; (4) creating a hostile

work environment for him; (5) manufacturing allegations of sexual harassment and verbal abuse

against him; and (6) failing to hire him for principal positions.  Defendants move to dismiss the

complaint under Rules 12(b)(1), (b)(2), and (b)(6) of the Federal Rules of Civil Procedure.  For

the reasons that follow, Defendants' motion is granted.

I.      Background

The following factual background is based on Plaintiff's well-pleaded factual allegations,

which are assumed true for purposes of this motion.

Plaintiff is currently a substitute teacher in New York City public schools.  He aspires to

be a principal.  In July 2006, Plaintiff enrolled in the Academy's "Aspiring Principals" program.

In August of the same year, he was removed from the program and demoted from the position of "assistant principal" to the position of "teacher."  Nonetheless, Plaintiff continued to receive an assistant principal's salary until March 20, 2008.  Plaintiff alleges that this was not a mere oversight, but rather an attempt by the DOE to fraudulently fix the accrual date of his cause of action in 2006, rather than in 2008, where Plaintiff believes it ought to be.

When it ceased to pay Plaintiff an Assistant Principal's salary, DOE sought to recover the amount it believed it had overpaid Plaintiff over the preceding two school years by withholding the difference from Plaintiff's paychecks during 2008.  Plaintiff took exception with this, and the matter went to arbitration.  Plaintiff prevailed and DOE was ordered to repay Plaintiff the amount it had withheld.  It did.

In June 2009, Plaintiff was demoted to a "substitute teacher," which is the title he currently holds.  In September 2009, Plaintiff was transferred from Frederick Douglass High School to Chelsea High School, where he was harassed by the principal, subjected to a hostile work environment, and falsely charged with sexual harassment and verbal abuse of his students.

Throughout the relevant period (2006-2013), Plaintiff interviewed for "hundreds" of Principal positions throughout New York City.  None of these attempts was successful because—according to several principals and superintendents with whom Plaintiff has discussed the matter—DOE's Executive Officer had told all the hiring schools that Plaintiff should be "blacklisted." (Dkt. No. 12, Plaintiff's Amended Complaint, at 1, 5.)

In August 2009, Plaintiff, then represented by counsel, brought suit against Defendants in New York State Supreme Court, alleging employment discrimination in violation of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").  On March 18, 2010, the State Court dismissed Plaintiff's action on statute of limitations grounds.  This ruling was upheld by the Appellate Division, *Stembridge v. New York*

*City Dep't of Educ.*, 88 A.D.3d 611 (1st Dep't 2011), and the Court of Appeals denied leave to appeal, 19 N.Y.3d 802 (2012) (unpublished).  The state courts found that Plaintiff's causes of action against DOE "accrued on August 15, 2006, when he was terminated from an Aspiring Principals program." *Stembridge*, 88 A.D.3d 611.

Plaintiff brought the instant lawsuit on September 18, 2012.  Chief Judge Preska dismissed the suit *sua sponte* on statute of limitations grounds, initially denying leave to amend. (Dkt. No. 4, Order of Dismissal.)  Upon Plaintiff's request, Judge Preska allowed Plaintiff an opportunity to amend his pleadings with instructions that he cure the defects of his prior pleadings—namely, that he plead violations of law that occurred recently enough to be within the relevant statutes of limitations.  (Dkt. No. 10.)  This case was subsequently reassigned to the undersigned.

## II.     Discussion

### A.     Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts must accept as true all well-pleaded factual allegations in the complaint, and "draw . . . all inferences in the plaintiff's favor."  *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) (internal quotation marks omitted).  But mere threadbare assertions of legal conclusions are not presumed true. *Iqbal*, 556 U.S. at 678.  Pro se complaints are read with special solicitude, and are considered to raise the strongest arguments that they

suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006); *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 145-46 (2d Cir. 2002).

###    B.    Statutes of Limitations

Claims against the DOE—other than those sounding in tort—must be brought within one year of the date on which they arose.  N.Y. Educ. Law § 3813 (McKinney 2014).  Discrimination claims against DOE are covered by this limitation.  *See Amorosi v. S. Colonie Ind. Cent. Sch. Dist.*, 880 N.E.2d 6, 9 (N.Y. 2007).  Claims brought in New York under 28 U.S.C. § 1983 must be brought within three years of the date they accrued.  *Owens v. Okure*, 488 U.S. 235, 250 (1988).  And claims brought under 28 U.S.C. § 1981 must be brought within four years of the date they accrued.  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).

As a preliminary matter, many of Plaintiff's allegations are time-barred.  (Dkt. No. 4, Order of Dismissal.)  The only allegations that survive the applicable statutes of limitations are (1) Plaintiff's allegation that he was harassed at Chelsea High School until June, 2010; (2) his allegation that he was not hired for the hundreds of Principal positions to which he applied, to the extent that he was passed over after September 18, 2009; and (3) his allegation that DOE falsely sustained an allegation of sexual harassment and verbal abuse against him on March 21, 2013.

Plaintiff's pursuit of his state court action does not toll the statute of limitations.  *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007).  Plaintiff claims that his state-court counsel failed to file suit in federal court despite Plaintiff's instructions that he do so and that this ought to toll the statute of limitations in his favor.  In the eyes of the law, though, Plaintiff's counsel's mistakes are attributed to Plaintiff.  Counsel's disobedience, if it is true, does not give Plaintiff more time in which to file his claims.  In our representative system of litigation, "each party is deemed bound by the acts of his lawyer-agent . . . ."  *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962).

4

Finally, the accrual date of Plaintiff's principal causes of action is not the date of his arbitration hearing. Rather, it is the date of his removal from the Academy and his subsequent demotions. *Stembridge*, 88 A.D.3d 611. And even if Plaintiff's allegations that DOE fraudulently manufactured an earlier accrual date are true, his claims would not survive the statute of limitations. The true, non-fraudulent, accrual date would be March of 2008—more than four years before Plaintiff filed the instant lawsuit.

### C.    Harassment at Chelsea High School

Plaintiff alleges that he was harassed at Chelsea High School until June 2010. (Dkt. No. 12, Amended Complaint, at 5.) Plaintiff notes that (1) he is African-American and (2) he has it on "information and belief [that] a disproportionate amount of African Americans are subject to [the] adverse terms and conditions of employment [to which he has been subjected]." *Id.* Contrary to Defendants' assertions, Plaintiff states *more* "than the recitation of a false syllogism: (1) I am (insert name of protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert protected class)." (Dkt. No. 38, Motion to Dismiss, at 18 (quoting *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011).) Indeed, he states that African Americans are disproportionately subject to adverse terms and conditions of employment—presumably throughout the City of New York.

Nonetheless, Plaintiff's claims fail to survive Rule 12(b)(6)'s plausibility standard because he does not offer any reason beyond his "information and belief" for the Court to believe that African Americans are disproportionately harassed in the workplace by their superiors. Furthermore, even if it is true that African Americans are, in fact, harassed by DOE in greater numbers than their counterparts of other races and ethnicities, Plaintiff has alleged no facts that raise the inference that this is why *he* was harassed. *See, e.g.*, *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009), *superseded by regulation as recognized in Mihalik v. Credit*

*Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 105 (2d Cir. 2013).  To the extent that this Court construes Plaintiff's pleading as raising a claim for violation of Title VII, he has failed plausibly to state one for the same reasons.  42 U.S.C. § 2000e.

      **D.**    **Failure to Hire Plaintiff as a Principal**

      Plaintiff alleges that he was passed over for hundreds of job opportunities as a principal during the six years between 2006 and his filing of the instant lawsuit.  He alleges that this was because the Executive Offices of DOE ordered that he not be hired.  The problem is that he does not plead facts sufficient to raise an inference that this was because of his membership in any protected class, and he has insufficiently pleaded *when* he actually applied for these positions.  These claims are only cognizable to the extent that they took place after September 18, 2009.  But Plaintiff has not provided the Court with any specific examples of positions to which he applied and for which he was rejected at any specific dates.

      Even liberally construing Plaintiff's pleadings to allege that he applied to, and was rejected from, principal positions with DOE after September 18, 2009, Plaintiff has still failed to plead any facts giving rise to a reasonable inference that this was because of his race.  *E.g.*, *Bermudez*, 783 F. Supp. 2d at 581.  In his reply papers, Plaintiff alleges that African Americans are disproportionately underrepresented in the DOE workforce.  But Plaintiff does not allege that *he* was not hired because of his race.  Thus, even if true, Plaintiffs allegations are insufficient. *E.g.*, *Leibowitz*, 584 F.3d at 502.

      **E.**    **False Allegations of Sexual Harassment and Verbal Abuse**

      Plaintiff, in his papers in response to DOE's motion to dismiss, claims that the substantiation of sexual harassment charges against him were based on "black male stereotypes." (Dkt. No. 48, Plaintiff's Response, at 5 ¶16.)  Thus, Plaintiff claims, the filing and substantiation of the claim of sexual harassment against him were presumably motivated by his race.  But

6

Plaintiff has failed to allege any facts that would give rise to a reasonable inference that the charges against him were false.  Even assuming they were false, Plaintiff has not alleged any facts that would give rise to a reasonable inference that they were filed and falsely sustained because of his race.

**III.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is granted.

The Clerk of the Court is ordered to terminate the motions at Docket Numbers 31 and 36 and to close the case.


SO ORDERED.


Dated: June 27, 2014
      New York, New York

J. PAUL OETKEN
United States District Judge



Copies Mailed to Pro Se Party by Chambers